UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TESORO CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 10-211 (JEB) |

## MEMORANDUM OPINION AND ORDER

The Government filed its initial Complaint in February 2010 against gasoline refiner Tesoro Corporation and its subsidiaries for violations of the Clean Air Act. After discussions between the parties, the Government filed a First Amended Complaint in June 2010, which Tesoro sought the dismissal of -- based principally on the statute of limitations. The parties ultimately entered into a stipulation on February 3, 2011, which was then confirmed in open court at a hearing on April 29, 2011.

Under this stipulation, Tesoro does not object to the Government's filing of a Second Amended Complaint, which would render moot Tesoro's statute-of-limitations arguments in its Motion to Dismiss. The stipulation, however, asks that the Court rule on another portion of Tesoro's Motion to Dismiss – namely, that certain Government allegations listed in Table B of the Motion fail to state a legally cognizable claim. At the April 29 hearing, the parties indicated that they required a ruling on this Table B issue in order to make further headway on the limitations issue.

The Court accepts the invitation.

1

I.  **Legal Standard**

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

II.  **Analysis**

Tesoro's argument, in essence, is that the Government is double counting. The Government responds that it is merely following the language of the applicable regulations. At this point in the proceedings, the Court believes the Government has the better argument.

The Government has included in its First Amended Complaint allegations that Tesoro violated the Clean Air Act by failing to follow certain testing protocols and by failing to properly

report its testing. See, e.g., ¶¶ 47, 51, 59-60. These are listed as separate violations. Tesoro maintains that this is unfair inasmuch as "[t]he Government does not allege that Tesoro reported incorrect values – rather, it alleges that Tesoro reported values that were not derived from [appropriate] sampling." Motion to Dismiss at 14. In other words, "[b]ecause there is no prohibition on reporting accurate results derived through non-compliant methods," id. at 15, the Government may charge only testing, not reporting, violations.

The Government refers the Court to the applicable regulations. Under 40 C.F.R. § 80.105(a)(5)(v), a refiner must "submit to the Administrator a report" that contains, *inter alia*, "for each batch of conventional gasoline" "[t]he properties, pursuant to 80.101(i)." Section 80.101(i)(1)(i)(A) explains how the properties are determined: "by collecting and analyzing <u>a representative sample</u> of gasoline or blendstock take from the batch, <u>using the methodologies specified</u> in § 80.46 . . . ." (Emphasis added.) If the properties are not appropriately determined, the Government argues, then the reporting cannot be compliant either.

Although Tesoro may be right that the Government is piling on here, the Court cannot determine as a matter of law that it is forbidden from so acting. According to the allegations, which must be credited at this point of the proceedings, Tesoro has violated the letter of the reporting requirements. The regulations support that position. Tesoro, moreover, has provided the Court no authority that supports its argument against "double counting." As such, the Court is loath to dismiss these violations at this stage. If Tesoro, at the summary judgment stage, seeks to brief the issue in greater detail – and with supporting authority from this or analogous fields – the Court may revisit the issue.

3

III. **Conclusion**

The Court, therefore, ORDERS that Tesoro's Motion to Dismiss is DENIED IN PART as it relates to the violations alleged in Table B.  The Court has not been asked to rule on the remainder.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   May 4, 2011